IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) OMID AHMADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CV-529-CVE-JFJ |
| | ) | |
| (1) CITY OF TULSA; | ) | |
| (2) TULSA MUNICIPAL JAIL; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TULSA MUNICPAL JAIL'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Tulsa Municipal Jail respectfully moves this court to dismiss all of Plaintiff's claims for relief against Tulsa Municipal Jail in accordance with Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Tulsa Municipal Jail would show the Court the following:

**INTRODUCTION**

On June 1, 2022, Plaintiff Omid Ahmadi filed suit against Tulsa Municipal Jail and the City of Tulsa. Plaintiff's claims arise from injuries that he allegedly suffered while an inmate of the Tulsa Municipal Jail on November 2, 2021. (Petition, Doc. 5-1). Plaintiff does not allege any specific facts stating that Tulsa Municipal Jail is somehow a separate entity capable of being sued. Rather, Plaintiff filed a Return of Service on November 28, 2022 indicating that he had sent a certified copy of the Petition to "Tulsa Municipal Jail c/o City of Tulsa/City Clerk." (Return of Service, Doc. 5-1, at p. 9). As Plaintiff served Tulsa Municipal Jail in the same manner that Plaintiff served the City of Tulsa, there does not seem to be a dispute as to the fact that Tulsa Municipal Jail is not a separate entity from the City of Tulsa.

As shown below, Plaintiff has failed to allege sufficient facts to support his claim that Tulsa Municipal Jail is a proper party to this suit. As such, this case must be dismissed as it fails to state a claim for which relief can be granted.

## ARGUMENT AND AUTHORITIES

**A.      STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the Tenth Circuit in *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services,* 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [*Bell Atlantic Corp v. Twombly*]*,* 550 U.S. 544, 570, (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider:*
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.
>
> 519 F.3d at 1247 (emphasis in original); *see also Dodds v. Richardson,* 614 F.3d 1185, 1202 (10th Cir. 2010).

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 536 U.S. 662, 679, (2009) (quoting Fed.R.Civ.P. 8(a) (alterations in original)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court, additionally, has held that Rule 12(b)6 applies when Plaintiff fails to present a cognizable legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). Here, the Plaintiff fails to present a cognizable legal theory because the Tulsa Municipal Jail is not an entity that can be sued.

B.  **DEFENDANT TULSA MUNICIPAL JAIL LACKS CAPACITY TO BE SUED.**

In the present case, Rule 17(b) requires that capacity to be sued to be determined by "by the law of the state in which the court is located." Fed.R.Civ.P. 17(b). In Oklahoma, only incorporated municipalities have the power to sue and be sued. 11 O.S. § 22-101. City departments, like Tulsa Municipal Jail, are not independent of the municipality and cannot be separately sued. *See* Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), Stump v. Gates, 777 F.Supp. 808 (D.Colo. 1991) aff'd 986 F.2d 1429 (10th Cir. 1993); Ketchum v. Albuquerque Police Dept., No. 91-2200, 1992 WL 51481, p.2 (10th Cir. 1992) (unpublished); Shangreaux v. Midwest City Police Dept., No. 91-6013, 1991 WL 104313, p. 2 (10th Cir. 1991) (unpublished); and Miller v. City of Claremore, 2006 WL 2316245, p. 1 (N.D. Okla., 2006) (unpublished) (citations committed) (all concluding that police departments are not separate entities capable of being sued). While Tulsa Municipal Jail is not a police department, this same analysis applies to other city departments. *See* Hall v. Louisiana, 974 F. Supp. 2d 957, 961 (M.D. La. 2013) (holding that City Court of Baton Rouge is not a separate entity from the City of Baton Rouge and lacks the capacity to be sued).

Plaintiff has not alleged any facts that would show that Tulsa Municipal Jail has the capacity to be sued as a party to this suit. Such an argument Without such facts, Plaintiff's claim against the Tulsa Municipal Jail fails as a matter of law.

## **CONCLUSION**

For the reasons set forth herein, Defendant Tulsa Municipal Jail respectfully requests this Court dismiss all claims against Defendant Tulsa Municipal Jail in Plaintiff's Petition.

                                                Respectfully Submitted,

                                                CITY OF TULSA,
                                                a municipal corporation

                                                JACK C. BLAIR,
                                                City Attorney

BY:      __s/Hayes T. Martin_____
                Hayes T. Martin, OBA # 32059
                Assistant City Attorney
                R. Lawson Vaughn, OBA # 21557
                Senior Assistant City Attorney
                City Hall, One Technology Center
                175 East Second Street, Suite 685
                Tulsa, Oklahoma  74103
                (918) 596-7717 Telephone
                (918) 596-9700  Facsimile

**CERTIFICATE OF SERVICE**

      I, Hayes T. Martin, hereby certify that on the 14th day of December 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

      D. Mitchell Garrett
      David C. Bean

      /s/Hayes T. Martin
      Hayes T. Martin