## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

(1) OMID AHMADI, )
)
        Plaintiff, )
)
vs. ) Case No. 22-CV-529-CVE-JFJ
)
(1) CITY OF TULSA; )
(2) TULSA MUNICIPAL JAIL; )
)
        Defendants. )

### DEFENDANT CITY OF TULSA'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant City of Tulsa ("City") respectfully moves this court to dismiss all of Plaintiff's claims for relief against the City in accordance with Federal Rule of Civil Procedure 12(b)(6). In support of its motion, the City would show the Court the following:

### INTRODUCTION

Plaintiff's claims arise from injuries that he allegedly suffered while an inmate of the Tulsa Municipal Jail on November 2, 2021. Plaintiff alleges that he suffered injuries as a result of the actions of City employees. (Petition, Doc. 5-1, at ¶7). Plaintiff asserts a "Municipal Liability" claim against the City of Tulsa by claiming that the City of Tulsa is liable in the present case. In support, Plaintiff alleges that the City had a "duty to safely provide for the Plaintiff while he was incarcerated." (Petition, Doc. 5-1, at ¶9). Plaintiff alleges that the "failure of all named Defendants to provide the Plaintiff with safe surroundings, and Defendants' physical abuse and besting of the Plaintiff, resulted in Plaintiff suffering serious and permanent injuries." (Petition, Doc. 5-1, at ¶10)

As shown below, Plaintiff has failed to allege sufficient facts to support his claim that the City of Tulsa is liable for his alleged injuries for failing to provide a safe environment.

Further, there an no facts alleged that establish a link between the alleged acts of City of Tulsa employees and any policy or custom.

## ARGUMENT AND AUTHORITIES

A.   **STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the Tenth Circuit in *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services,* 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [*Bell Atlantic Corp v. Twombly*], 550 U.S. 544, 570, (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider:*
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

519 F.3d at 1247 (emphasis in original); *see also Dodds v. Richardson,* 614 F.3d 1185, 1202 (10th Cir. 2010).

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 536 U.S. 662, 679, (2009) (quoting Fed.R.Civ.P. 8(a) (alterations in original)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. The trial court must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins,* 519 F.3d at 1249*.* In the context of § 1983 claims, "plausibility" refers to the scope of the allegations in the complaint. If they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Id.* at 1247-48. Importantly, a complaint must present factual allegations that "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. While Plaintiff has provided factual allegations, it is clear that, even if true, they fail to establish a constitutional violation and they are inadequate to overcome a motion to dismiss.

**B.     PLAINTIFF'S PETITION FAILS TO STATE A CLAIM.**

It is well-established that a municipality may not be held liable under Section 1983 solely because its employees inflicted injury on the plaintiff. *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). Instead, the law requires the plaintiff demonstrate (1) the existence of a municipal policy or custom, (2) a direct causal link between the policy or custom and the constitutional injury alleged, and (3) "that the municipal action was taken with 'deliberate indifference' to its known consequences." *See Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 759 (10th Cir. 2014).

The City disputes that Plaintiff has sufficiently alleged a constitutional violation against the City, its employees, or jail staff. However, even if Plaintiff pled sufficient facts to allege a constitutional violation, Plaintiff must show that there was some policy, practice, or

custom that has a direct causal link to the alleged violation. Plaintiff makes no such claim as to the City. Instead, Plaintiff seems to claim that the City is automatically liable for the actions of its employees, going so far to directly equate the actions of employees as the actions of the City. Plaintiff initially states that "[w]hile under the control of City of Tulsa employees, Plaintiff was physically abused, beaten, and repeatedly kicked". (Petition, Doc. 5-1, at ¶7). However, Plaintiff later refers to this allegation as "Defendants' physical abuse and beating of the Plaintiff." (Petition, Doc. 5-1, at ¶10). Clearly, Plaintiff seeks to hold the City liable for the alleged actions of individuals but seeks to do so without a sufficient factual basis for municipal liability.

Additionally, Plaintiff claims that the City "had a duty to provide for the Plaintiff while he was incarcerated and provide adequate medical and mental health services while he was detained and incarcerated." (Petition, Doc. 5-1, at ¶9). Plaintiff's allegations regarding "safe surroundings" are conclusory and unsupported by facts. (Petition, Doc. 5-1, at ¶10). Plaintiff alleges that the City has said duty to Plaintiff but does not allege facts as to how the City failed to perform in accordance with the alleged duty. Here, Plaintiff does not claim that he sought medical or mental health services and was denied. As such, Plaintiff has not brought forth sufficient facts to sustain this claim against the City.

Plaintiff's allegations specifically regarding the City's liability are extremely limited. Plaintiff's conclusory statements are insufficient to place the City on notice of any claims being made and, therefore, do not comply with the Federal Rules of Civil Procedure or the pleading standards of *Twombly* and *Iqbal.* Accordingly, any claims against the City should be dismissed because without such facts, Plaintiff's claim against the City of Tulsa fails as a matter of law.

## **CONCLUSION**

For the reasons set forth herein, Defendant City of Tulsa respectfully requests this Court dismiss all claims against Defendant City of Tulsa in Plaintiff's Petition.

Respectfully Submitted,

CITY OF TULSA,
a municipal corporation

JACK C. BLAIR,
City Attorney

BY:   s/Hayes T. Martin
        Hayes T. Martin, OBA # 32059
        Assistant City Attorney
        R. Lawson Vaughn, OBA # 21557
        Senior Assistant City Attorney
        City Hall, One Technology Center
        175 East Second Street, Suite 685
        Tulsa, Oklahoma  74103
        (918) 596-7717 Telephone
        (918) 596-9700  Facsimile

**CERTIFICATE OF SERVICE**

      I, Hayes T. Martin, hereby certify that on the 14th day of December, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

      D. Mitchell Garrett
      David C. Bean

      /s/Hayes T. Martin
      Hayes T. Martin