IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) OMID AHMADI, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No.  22-CV-529-CVE-JFJ |
| (1) CITY OF TULSA; | ) |
| (2) G4S SECURITY SOLUTIONS (USA) INC; | ) |
| (3) JOHN DOE ##1-10, UNIDENTIFIED DETENTION OFFICERS, | ) |
|                 Defendants. | ) |

**DEFENDANT CITY OF TULSA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendant City of Tulsa ("City") respectfully moves this court to dismiss all of Plaintiff's claims for relief against the City in accordance with Federal Rule of Civil Procedure 12(b)(6). In support of its motion, the City would show the Court the following:

**INTRODUCTION**

Plaintiff's claims arise from injuries that he allegedly suffered while an inmate of the Tulsa Municipal Jail between November 2-4, 2021. Plaintiff alleges that he suffered injuries as a result of the actions of John Doe #1, an unidentified employee of Defendant G4S Security Solutions, Inc. (Amended Complaint., Doc. 17, at ¶17-20). Plaintiff alleges that this was done "in violation of the Jail's written policies and procedures." (Amended Complaint., Doc. 17, at ¶16). Plaintiff asserts a "Municipal Liability" claim against the City of Tulsa by claiming that the City of Tulsa is liable in the present case. In support, Plaintiff alleges that the City had a "duty to provide for the health and wellbeing of its inmates." (Amended Complaint., Doc. 17, at ¶40). Plaintiff further alleges that the City "has utterly failed to train and supervise jail

staff" regarding recognizing medical conditions and injuries, protecting arrestees, and use of force." (Amended Complaint., Doc. 17, at ¶56-58).

As shown below, Plaintiff has failed to allege sufficient facts to support his claim that the City of Tulsa is liable for his alleged injuries for failing to provide a safe environment. Further, there are no facts alleged that establish a link between the alleged acts of City of Tulsa employees and any policy or custom.

## ARGUMENT AND AUTHORITIES

**A.   STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the Tenth Circuit in *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services,* 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [*Bell Atlantic Corp v. Twombly*], 550 U.S. 544, 570, (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider:*
>
> > the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

519 F.3d at 1247 (emphasis in original); *see also Dodds v. Richardson,* 614 F.3d 1185, 1202 (10th Cir. 2010).

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,*

536 U.S. 662, 679, (2009) (quoting Fed.R.Civ.P. 8(a) (alterations in original)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. The trial court must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins,* 519 F.3d at 1249*.* In the context of § 1983 claims, "plausibility" refers to the scope of the allegations in the complaint. If they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Id.* at 1247-48. Importantly, a complaint must present factual allegations that "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. While Plaintiff has provided factual allegations, it is clear that, even if true, they fail to establish a constitutional violation and they are inadequate to overcome a motion to dismiss.

B.     **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM.**

   I.     **Plaintiff alleges injury by individuals in violation of policy.**

Plaintiff makes it clear that his alleged injuries are the result of alleged actions of "staff in violation of the Jail's **written** policies and procedures." (Amended Complaint., Doc. 17, at ¶16). It is well-established that a municipality may not be held liable under Section 1983 solely because its employees inflicted injury on the plaintiff. *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). Instead, the law requires the plaintiff demonstrate (1) the

existence of a municipal policy or custom, (2) a direct causal link between the policy or custom and the constitutional injury alleged, and (3) "that the municipal action was taken with 'deliberate indifference' to its known consequences." *See Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 759 (10th Cir. 2014). Plaintiff fails to do so in his Amended Complaint.

**II.   Plaintiff fails to demonstrate a policy, practice, or custom that has a causal link to the alleged violation.**

The City disputes that Plaintiff has sufficiently alleged a constitutional violation against the City. However, even if Plaintiff pled sufficient facts to allege a constitutional violation, Plaintiff must show that there was some policy, practice, or custom that has a direct causal link to the alleged violation.

Plaintiff claims that the City "has a duty to provide for the health and wellbeing of its inmates." (Amended Complaint., Doc. 17, at ¶40). In support Plaintiff alleges that "the City provided no on-site medical staff at the Jail, and, upon information and belief, did not require G4S to employ any medical staff." (Amended Complaint., Doc. 17, at ¶41). Additionally, Plaintiff claims that the City "did not provide training or guidance" regarding inmate health issues. (Amended Complaint., Doc. 17, at ¶42).

In support of his 1983 claim, Plaintiff cites extensively to the pleadings filed in *Burke v. City of Tulsa, et al.,* No. 21-cv-00131-JED-CDL (N.D.OK.) which in turn cites to the case of *Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019) for the proposition that a municipal defendant may have liability for the maintenance of an unconstitutional health care delivery system. He also cites to *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033 (10th Cir. 2022) where it was found that a Sheriff may face Monell liability for his failure to adequately staff a jail's medical unit with qualified professionals, failure to provide access to a physician, and failure

to supervise a jail's medical delivery system. Both cases are easily distinguishable as they have very dissimilar facts and involve county jails that qualify as "Detention Facilities", which have different standards from "Lock-up Facilities", such as the Tulsa Municipal Jail. Okla. Admin. Code §310:670-1-2. The pertinent medical care standards for "Detention Facilities" that apply to county jails are set forth in Okla. Admin. Code §310:670-5-8 and require higher standards.

"The mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Plaintiff is unable to point to facts that show the policies set out in the Contract between the City and G4S were unconstitutional or were the moving force behind the alleged damages here.

Plaintiff is unable to show the standards for "Lock-up Facilities" set forth under Okla. Admin. Code §310:670-3-1 are unconstitutional. "A legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution." *Kimery v. Public Service Co. of Oklahoma,* 1980 OK 187, ¶ 6, 622 P.2d at 1069. The presumption is that a law is constitutional until its unconstitutionality is judicially established (*State ex rel. Cruse v. Cease*, 1911 OK 69, 114 P. 251) and the City of Tulsa is entitled to rely on the subject provisions of the Oklahoma Administrative Code and Oklahoma statutes as authority for its official acts until such time as the subject provision is declared unconstitutional, or until the City is advised by the proper official of its unconstitutionality. *Gordon v. Conner*, 1938 OK 384, 80 P.2d 322. Ordinarily, an

unconstitutional statute confers no rights, creates no liability, and affords no protection. *Fent v. State ex rel. Dept. of Human Services*, 2010 OK 2, 236 P.3d 61, 70. Yet a well-recognized and well-reasoned exception to this rule is that a declaration of a law's constitutional invalidity should not be applied so as to work a hardship or impose liability upon a public official who has acted in good faith and relied on the statute's validity before a court has declared it invalid or before another proper official has given notice that the statute fails to conform to the fundamental law. *Liddell v. Heavner,* 2008 OK 6, 180 P.3d 1191, 1203–04, citing *Bd. of Comm'rs of Pottawatomie Co. v. A.C. Davis & Sons,* 1939 OK 33, 184 Okla. 258, 86 P.2d 782, 783. When an invalid statute calls for a compulsory discharge of statutory duties by public officials who rely on the presumptive validity of statutes, the Court may give its pronouncement purely prospective effect. *Okla. Education Ass'n, Inc. v. Nigh,* 1982 OK 22, 642 P.2d 230, 239.

As it is a "Lockup Facility", the Tulsa Municipal Jail has different standards from the county jails defined as "Detention Facilities", which were the subjects of both *Burke* and *Prince*. A lockup facility can hold a person for no longer than 10 days and it is not required to have an on-site medical staff. §310:670-3-1. Further, any municipality that operates a jail facility which houses forty or fewer prisoners at all times, such as the Tulsa Municipal Jail, is not required to have more than one detention officer or dispatcher on-site to provide for the security, custody, and supervision of prisoners. §310:670-3-1(18), 74 OS §192(C). The Tulsa Municipal Jail meets or exceeds all of the state standards for lock up facilities.

Plaintiff is required to demonstrate (1) the existence of a municipal policy or custom, (2) a direct causal link between the policy or custom and the constitutional injury alleged, and (3) "that the municipal action was taken with 'deliberate indifference' to its known

consequences." *Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 759 (10th Cir. 2014). Plaintiff is unable to articulate any causal link between the policies set out in the Contract between the City and G4S and any constitutional violation, which is fatal to his claims.

Plaintiff mirrors the issues raised in *Burke v. City of Tulsa, et al* in his Amended Complaint in a transparent attempt to generate custom or practice where no such custom or practice exists. Plaintiff relies on the same allegations raised in *Burke* which related to the Tulsa Municipal Jail not having medical staff on-site, which is not required of a lock-up facility. Plaintiff is unable to show that the jail staff had no medical training or that detainees are effectively denied access to adequate medical care. The scope of duties for detention officers included contacting fire, police, or medical to respond to emergency situations (Plaintiff's Exhibit, Doc 17-1 at 2.1.1). Further, the training requirements for all G4S personnel assigned to the facility included emergency procedures, first aid, and cardiopulmonary resuscitation (Plaintiff's Exhibit, Doc 17-1 at 2.4.1). All services provided by G4S were to comply with all Federal and State requirements, to include those of the Oklahoma State Department of Health Jail Standards (Plaintiff's Exhibit, Doc 17-1 at 3.1).

It cannot be shown that the City knew or should have known that its medical policy and practice of not having a medical professional on site would lead to Plaintiff's alleged injury. The City's policy is reasonable and complies with all standards for a lockup facility. Therefore, Plaintiff's claims against the City should be dismissed with prejudice.

Plaintiff points to no facts to show the City failed to train and supervise staff at the Jail with respect to recognizing the signs and symptoms of serious medical conditions. Rather, Plaintiff merely makes conclusory statements alleging deliberate indifference. In particular, Plaintiff alleges that as a result of the alleged deliberate indifference, "Plaintiff experienced

unnecessary physical pain, a worsening of her condition, severe emotion distress, mental anguish, a loss of quality and enjoyment of life, degradation, and oppression." (sic) (Amended Complaint., Doc. 17, at ¶51, 52). "[M]unicipal liability based on a policy of inadequate training requires proof of the municipality's 'deliberate indifference' to its inhabitants—i.e., the failure to train must 'reflect a 'deliberate' or 'conscious' choice by a municipality.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.1998). The City's contract with G4S sets forth that G4S shall provide and maintain adequate staffing to ensure the facility is operated in a safe and efficient manner (Plaintiff's Exhibit, Doc 17-1 at 2.1). It also sets out the minimum training requirements and states that G4S is to be responsible for training all G4S personnel assigned to the facility (Plaintiff's Exhibit, Doc 17-1 at 2.4).

  The objective component of the deliberate indifference test is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980) (further quotation omitted)). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. Plaintiff does not allege any failure on behalf of the City or any of its policy makers. Instead, Plaintiff merely argues that the alleged individual tortfeasors failed to follow written policy in their actions. Therefore, both tests fail.

  Plaintiff's conclusory statements are insufficient to place the City on notice of any claims being made for failure to train or supervise. The jail staff was provided with the

necessary medical training required for a lock-up facility. Accordingly, any claims against the City for failure to train or supervise the jail staff should be dismissed.

Finally, Plaintiff has not managed to stretch his alleged facts far enough to establish a widespread practice based on the allegations in *Burke*. The allegations in the present case differ drastically from the allegations in *Burke.* Here, Plaintiff acknowledges that he had no medical issues upon intake, while that is a central issue in *Burke.* A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train*." Connick v. Thompson*, 563 U.S. 51, 62, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011). Plaintiff has not demonstrated a pattern of similar conduct in the present case. Rather, Plaintiff has failed to even demonstrate a single case of similar conduct, despite his efforts.

## CONCLUSION

For the reasons set forth herein, Defendant City of Tulsa respectfully requests this Court dismiss all claims against Defendant City of Tulsa in Plaintiff's Amended Complaint.

> Respectfully Submitted,
>
> CITY OF TULSA,
> a municipal corporation
>
> JACK C. BLAIR,
> City Attorney
>
> BY:   s/Hayes T. Martin
> Hayes T. Martin, OBA # 32059
> Assistant City Attorney
> R. Lawson Vaughn, OBA # 21557
> Senior Assistant City Attorney
> City Hall, One Technology Center
> 175 East Second Street, Suite 685

        Tulsa, Oklahoma  74103
        (918) 596-7717 Telephone
        (918) 596-9700  Facsimile

## **CERTIFICATE OF SERVICE**

I, Hayes T. Martin, hereby certify that on the 17th day of March, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

    D. Mitchell Garrett
    David C. Bean

        /s/Hayes T. Martin
        Hayes T. Martin